**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANIEL DWUMFOUR,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 99-1520

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-848-522)

Submitted: November 16, 1999

Decided: December 2, 1999

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Virginia, for Petitioner. David W. Ogden, Acting Assistant Attorney General, Terri J. Scadron, Senior Litigation Counsel, John D. Williams, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daniel Dwumfour seeks a review of the decision of the Board of Immigration Appeals (Board) denying relief on his application for asylum, withholding of deportation, and suspension of deportation.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West 1999). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West 1999); M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

We must uphold the Board's determination that Dwumfour is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). The decision may be reversed only if the evidence presented by Dwumfour was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

We have reviewed the record and find that the Board's conclusion that Dwumfour failed to present reliable evidence sufficient to establish eligibility for asylum is supported by substantial evidence. Because Dwumfour failed to show entitlement to asylum, he cannot meet the higher standard for withholding deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). We do not address the Board's decision denying Dwumfour's application for suspension of deportation because it has not been raised on appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2